UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAIMERIO ASKEW, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>)<br>COMMISSIONER GAYLE RAY )<br>and JOHN DOES #1-4, )<br>)<br>    *Defendants*. ) | No.: 3:11-cv-74<br>(VARLAN/SHIRLEY) |

### MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by defendant Ray. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 6] will be **GRANTED**. In addition, the "John Doe" defendants will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in this matter, this action will be **DISMISSED IN ITS ENTIRETY**.

**I.    Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**II.     Factual Background**

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and currently incarcerated at the South Central Correctional Center in Clifton, Tennessee. He brought this action for an alleged assault by four unknown correctional officers during plaintiff's confinement in the Morgan County Correctional Complex (MCCX). As defendants plaintiff named former TDOC Commissioner Gayle Ray, and the four "John Doe" correctional officers.[1] Plaintiff indicated that the names of the "John Doe" defendants would be determined during discovery. The Court directed service of process upon the defendant Ray. The Court further directed that process would not issue against the "John Doe" defendants until plaintiff provided the Clerk's Office with their correct names and addresses. Plaintiff has failed to do so. Defendant Ray moves to dismiss the complaint against her for failure to state a claim upon which relief can be granted.

---

[1] Plaintiff also named as a defendant the TDOC itself, which was dismissed *sua sponte* by the Court.

## III. Discussion

As noted, plaintiff alleges he was assaulted by four unknown correctional officers on March 11, 2010, following a cell search at MCCX during which a cellular telephone was discovered. Plaintiff claims that the assault occurred while he was being escorted to segregation by the four officers. Plaintiff makes no factual allegation against defendant Ray and apparently seeks to hold her liable based upon her position as TDOC Commissioner at the time of the assault.

In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff's complaint fails to state a claim against defendant Ray. For that reason, her motion to dismiss is well-taken and will be granted. In addition, because the "John Doe"

3

defendants have not been served with a copy of the complaint within 120 days, they should be dismissed as defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## IV. Conclusion

The motion to dismiss by defendant Ray will be **GRANTED**. The "John Doe" defendants will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in this matter, this action will be **DISMISSED IN ITS ENTIRETY**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE
